The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following question:
 Does the Arkansas Workers' Compensation Commission have the authority to require that health care providers obtain additional continuing education?
As a general matter, the authority to establish continuing education requirements for persons licensed by boards of the professions of the healing arts is vested in the respective boards. Arkansas Code Annotated § 17-80-104 (Repl. 1992) states in relevant part as follows:
 (a) The regulatory boards of the professions or occupations classified by the laws of the State of Arkansas as professions of the healing arts and for whom the General Assembly of the State of Arkansas has heretofore established regulatory boards empowered to license persons who practice under conditions of licensure authorized by the General Assembly are authorized to adopt regulations requiring the continuing education of the persons licensed by the board.
* * *
 (c) The regulatory boards shall establish by regulation the number of hours of credit and the manner and methods of obtaining the hours of credit by its licensee.
 (d) In the event a licensee of the board does not complete the continuing education established by the board under the provisions of this section, the board is empowered to deny renewal of the license held by the licensee or after proper hearing take such action as it considers just and proper to compel compliance with its regulations requiring continuing education.
In response to your general question, therefore, the Arkansas Workers' Compensation Commission ("Commission") lacks the authority to require that persons licensed by boards of the healing arts professions must obtain additional continuing education in order to practice their professions.
If, however, your question is directed specifically to the continuing education requirement imposed under Commission Rule 33, adopted July 1, 1994, in connection with the new managed care system for workers' compensation medical care (see A.C.A. § 11-9-508(d) (Cum. Supp. 1993)), it is my opinion that the requirement generally falls within the Commission's rule-making authority. See A.C.A. § 11-9-508(c) and (f). Part II.B.2.m. of Rule 33 states as follows:
 The MCO[1] plan must describe a procedure or program through which participating health care providers[2]
may obtain information on the following topics:
(1) treatment parameters adopted by the Commission;
(2) end of healing period;
(3) permanent partial impairment rating;
(4) return to work and disability management;
 (5) health care provider obligation in the workers' compensation system; and
 (6) other topics the MCO or Commission deems necessary to obtain cost effective medical treatment and appropriate return to work for an injured employee.
 The medical director or a designee of the plan must document attendance for a minimum of twelve (12) hours of education during the first year, and four (4) hours each year thereafter, covering any of the topics listed in subitems (1) to (5). The documentation shall be submitted to the Administrator of the Medical Cost Containment Division upon request. The medical director or designee must be available as a consultant on these topics to any health care provider delivering services under the MCO.
Health care providers who wish to participate in a certified MCO to treat workers' compensation cases are thus required to obtain information on topics that appear to relate to the Commission's mandate to "establish rules and regulations to establish and implement a system of managed health care . . ." "[i]n order to help control the cost of medical benefits. . . ." A.C.A. § 11-9-508(c). See also A.C.A. § 11-9-508(f) (authorizing the Commission to "promulgate any other rules or regulations as may be necessary to carry out the provisions of [§ 11-9-508] and its purpose of controlling medical costs through the establishment of a managed care system.") The education requirement imposed under Rule 33 thus on its face appears to fall within the Commission's rulemaking authority exercised pursuant to A.C.A. § 11-9-508.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] "Managed Care Organization." See Rule 33, Part I.C.1.
[2] "Participating Health Care Provider," as defined in Part I.C.2. of Rule 33, means "any person, provider, company, professional corporation, organization, or business entity with which the managed care plan has contracts or other arrangements for the delivery of medical services or supplies to injured employees."